DENTONS US LLP
Andrea M. Kimball (CA SBN 196485)
andrea.kimball@dentons.com
4520 Main Street, Suite 1100
Kansas City, MO 64111
Los Angeles Address:
601 South Figueroa Street, Suite 2500
Los Angeles, California  90017-5704
Telephone:  (213) 892-2943
Facsimile:  (816) 531-7545

BEN DELFIN (CA SBN 281607)
*(Application for Admission forthcoming)*
ben.delfin@dentons.com
DENTON US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone: (213) 623-9300
Facsimile: (213) 623-9924

Chris T. Errico
*(Pro Hac Vice Application forthcoming)*
chris.errico@dentons.com
101 JFK Parkway
Short Hills, NJ 07078-2708
Telephone: (973) 912-7100
Facsimile: 973) 912-7199

*Attorneys for Plaintiff
Refre5h, LLC*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Refre5h LLC, | |
| Plaintiff, | **Civil Action No.** '14CV1099 DMS NLS |
| vs. | **COMPLAINT** |
| Nathan Howerton. | |
| Defendant. | |

## JURISDICTION AND VENUE

1. Plaintiff Refre5h LLC ("Plaintiff") bring this actions against defendant Nathan Howerton ("Defendant").  The jurisdiction of this Court is based on 28 U.S.C. § 1332(a), in that, as more specifically alleged below, the parties are of diverse citizenship and the amount in controversy, exclusive of interest and costs,

1 exceeds $75,000.00.

2. The claims involved in this action arose in the Southern District of California, in that, as more specifically alleged below, the relevant events occurred in the County of San Diego, California. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391.

## THE PARTIES

3. Plaintiff is a Delaware limited liability company, based in San Diego, California. Chase Herro is the sole member and the managing member of Plaintiff. Chase Herro is, and at all times relevant to this action has been, a citizen and resident of San Diego, California. Among other things, Plaintiff is engaged in the business of marketing ads on Facebook.

4. Upon information and belief, Defendant is, and at all times relevant to this action has been, a resident and citizen of Bothell, Washington.

## NATURE OF ACTION

5. This action concerns the breach of a contract between Plaintiff and Defendant concerning certain Facebook accounts purchased by Plaintiff from Defendant in late 2013. As described below, the accounts sold by Defendant to Plaintiff were personally guaranteed to be functional for three days and subject to free replacement or a full refund if the three day period was not reached. Given this guarantee Plaintiff expected to run certain revenue generating advertisements on the purchased accounts for a minimum of three days. Unfortunately, the accounts purchased by Plaintiff from defendant ceased to work almost immediately after Defendant sold them to Plaintiff. Over the course of several months, Defendant then represented that he would honor the guarantee by providing a refund and/or additional accounts, but failed to do so.

## FACTUAL BACKGROUND

**A. Defendant Personally Guaranteed The Accounts To Viable For Three Days**

6. In or around, November of 2013, Defendant offered to sell Plaintiff 20

Facebook business accounts at a price of $5,000 each. Subject to the personal guarantee described below and other terms, Plaintiff accepted this offer and paid a grand total of $100,000 for the 20 Facebook business accounts. The terms of this sale are reflected in text messages, e-mails, and telephone conversations.

7.  Defendant personally guaranteed that the 20 Facebook business accounts would be functional for no less than three business days. Defendant further stated that he would replace or provide a refund of the purchase price for any account that stopped functioning before the minimum three days. Plaintiff purchased the 20 accounts on reliance on these assurance. But for Defendant's promises to replace or refund any account that failed to remain function for three business days, Plaintiff would not have purchased the accounts.

8.  The accounts sold by Defendant ceased to be operational shortly after Plaintiff purchased them in November 2013. Plaintiff was unable to run any advertisements on the 20 purchased accounts.

9.  Over the course of several months, Defendant represented that he would honor his personal guarantee and either: (1) provide replacement accounts free of charge; (2) provide refunds to Plaintiffs; or (3) provide a combination of replacement accounts and refunds of the amounts paid by Plaintiff.

10.  Prior to November of 2013, Plaintiff had purchased numerous accounts from Defendant. On average, Plaintiff earned $3,000 per day on each of these accounts. Given Defendant's personal guarantee that the 20 accounts would remain operational for a minimum of three days, Plaintiff expected to earn a minimum profit of $180,000 profit from the sale. Instead, however, Plaintiff was unable to run any advertisements on the 20 accounts and took a $100,000 loss.

11.  Notwithstanding Defendant's breach of the personal guarantee to replace or refund the paid amounts promptly, Plaintiff continued to do business with Defendant and purchased additional accounts totaling $10,000 based on numerous representations that the replacement accounts or refund would be made

in the near future.

12.  Defendant never disputed that he owed Plaintiff approximately $100,000.  Indeed, on several occasions, Defendant acknowledged his debt and requested Plaintiff to provide wiring instructions to begin monthly payments.  With the exception of a single isolated payment for $1,000, Defendant, however, never provided regular monthly payments to refund the purchase price of the 20 sold accounts.

13.  Over the course of several months, Defendant tried to provide a few replacements accounts, but most of these did not function at all with exception of two accounts valued at $5,000 combined. Accordingly, Defendant owed Plaintiff in excess of $95,000.

14.  At one point in April of 2014, Defendant represented that he would take out a personal business loan to repay the $95,000 owed.  He stated that he had been approved for said loan and would be wiring the payment to Plaintiff.  Defendant again requested wire instructions to make the payment.  Defendant again reneged on his promise to wire the $95,000 refund.

## FIRST CLAIM FOR RELIEF
## (For Breach Of Contract)

15.  Plaintiffs incorporates paragraphs 1 through 14 above as though fully set forth herein.

16.  Through text messages, e-mails, and prior course of conduct, Defendant offered to sell 20 Facebook accounts to Plaintiff for a grand total of $100,000.

17.  One of the key terms of this sale was Defendant's personal guarantee that the accounts would remain operational for a minimum of three days or be subject to either: (1) free replacement, or (2) refund of purchase price.

18.  Plaintiff agreed to the terms of sale as presented by Defendant, including Defendant's personal guarantee that the account would remain functional

for a minimum of three days.

19. A valid and enforceable contract exists between the parties as described herein.

20. The 20 Accounts purchased by Plaintiff from Defendant were not operational for even one day.

21. Defendant breached the contract by failing to provide either: (1) functional replacement accounts; or (2) a refund of the purchase price.

22. As a result of Defendant's breach, Plaintiff has been damaged in an amount to be determined at trial, but in no event less than $280,000, which includes the $100,000 purchase price of the 20 accounts and the $180,000 in profit that Plaintiff expected to earn (and would have earned) had the 20 accounts remained operation for a minimum of three business days

## SECOND CLAIM FOR RELIEF
## (For Promissory Estoppel)

23. Plaintiffs incorporates paragraphs 1 through 22 above as though fully set forth herein.

24. While a valid and enforceable contract exists between the Parties, Plaintiff alleges -- solely in the alternative -- that to the extent that no contract existed between the parties that the Plaintiff is entitled to relief for promissory estoppel.

25. Defendant promised Plaintiff that the 20 accounts would remain operational for a minimum of three days or be subject to either: (1) free replacement, or (2) refund of purchase price.

26. Plaintiff reasonably relied on Defendant's promise that the account would remain operational for a minimum of three days or be subject to either: (1) free replacement, or (2) refund of purchase price.

27. The 20 purchased accounts ceased to function shortly after they were purchased.

28. Defendant did not provide replacement accounts or a refund of the full purchase price.

29. As a result of Plaintiff's reasonable reliance on Defendant's promise that the accounts would be replaced or refunded, Plaintiff has been damaged in an amount to be determined at trial, but in no event less than $280,000.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, prays for judgment against Defendant, as follows:

(a)  on the First Claim For Relief, a judgment in an amount to be determined at trial, but in no event less than $280,000;

(b)  on the Second Claim For Relief, a judgment in an amount to be determined at trial, but in no event less than $280,000;

(c)  pre-judgment interest on the foregoing amounts;

(d)  costs and expenses incurred herein; and

(e)  such other and further relief as the Court may deem just and proper.

Dated: May 1, 2014          DENTONS US LLP


By:   /s/ Andrea M. Kimball


Andrea M. Kimball (CA SBN 196485)
DENTONS US LLP
4520 Main Street, Suite 1100
Kansas City, MO 64111
Los Angeles Address:
601 South Figueroa Street, Suite 2500
Los Angeles, California  90017-5704
Telephone:  (213) 892-2943
Facsimile:  (816) 531-7545
Email:  andrea.kimball@dentons.com

1  Ben Delfin (CA SBN 281607)
   DENTONS US LLP
2  *(application for admission forthcoming)*
   601 South Figueroa Street, Suite 2500
3  Los Angeles, California 90017-5704
   Telephone: (213) 623-9300
4  Facsimile: (213) 623-9924
   E-mail: ben.delfin@dentons.com
5

6  Chris T. Errico
   *(pro hac vice application forthcoming)*
7  DENTONS US LLP
   101 JFK Parkway
8  Short Hills, NJ 07078-2708
   Telephone: (973) 912-7100
9  Facsimile: (973) 912-7199
   E-mail: chris.errico@dentons.com
10
   *Attorneys for Refresh LLC*
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

82175131\V-1

-7-
COMPLAINT

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Refre5h, LLC

### DEFENDANTS
Nathan Howerton
1225 183rd St. SE, Apt. G302
Bothell, WA 98012-7533

**(b)** County of Residence of First Listed Plaintiff: San Diego
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Snohomish
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Andrea M. Kimball, Dentons US LLP, 4520 Main Street, 11th Floor, Kansas City, MO 64111-7700, 816-460-2400

Attorneys *(If Known)*: '14CV1099 DMS NLS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☒ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1391
Brief description of cause:
Breach of a contract

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 280,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: 
DOCKET NUMBER: 

DATE: 05/01/2014
SIGNATURE OF ATTORNEY OF RECORD: /s/ Andrea M. Kimball

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.